# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### LEXINGTON DIVISION

| | |
|---|---|
| **JOHN SPENCER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. _____** |
| **METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE, and SOUTHERN STATES COOPERATIVE, INCORPORATED,** | |
| **Defendant.** | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants Metropolitan Life Insurance Company ("MetLife") and Southern States Cooperative, Inc. ("SSCI") (collectively, "Defendants") hereby file this Notice of Removal of this case from the Circuit Court of Powell County, Kentucky, Case No. 20-CI-00056, where it is currently pending, to the United States District Court for the Eastern District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claim against Defendants invokes the Court's federal-question jurisdiction under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq*.  Defendant respectfully shows the Court as follows:

1.      Plaintiff John Spencer instituted a civil action against Defendants in the Circuit Court of Powell County, Kentucky, on March 26, 2020.  A true and correct copy of the Complaints and Summonses, which are the only documents received by Defendants in the Circuit Court action, are attached hereto as Exhibits A and B.

2.      This Notice of Removal is filed, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), within thirty (30) days after the filing of the Complaint and, therefore, receipt by Defendants of the initial pleading on which the aforesaid action is based.

3.      This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal-question jurisdiction under ERISA.

4.      The United States District Court for the Eastern District of Kentucky is the federal judicial district embracing the Circuit Court of Powell County, Kentucky, where this suit was originally filed.  Venue is therefore proper under 28 U.S.C. §§ 97(a) and 1441(a).

## FEDERAL QUESTION JURISDICTION

5.      Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to the state and federal courts over participant's claims under 29 U.S.C. § 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other ERISA claims by participants. *See* 29 U.S.C. § 1332(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

6.      In his Complaint, Plaintiff alleges that he is covered under an ERISA-governed disability-insurance plan offered by his employer, SSCI, and insured by MetLife. (*See* Compl. at 2-3 (¶¶ 3, 6)). Based upon an alleged denial of his claim for benefits, Plaintiff asserts a single count for violations of ERISA. (*See* Compl. at 5 (¶¶ 16, 19-20), 6 (¶¶ 24-26)). Plaintiff seeks "judgment against Defendants . . . for benefits under the plan" and attorney's fees and costs. (Compl. at 7 ("Wherefore" paragraph)).

7.      Because Plaintiff asserts a single federal cause of action under ERISA, (*see* Compl. at 6-7 (¶¶ 22-29)), and even alleges the state court's jurisdiction under 29 U.S.C. § 1132(e) as concurrent with this Court, (*see* Compl. at 3 (¶¶ 8)), this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

3

## **MISCELLANEOUS**

8.      A copy of this Notice of Removal is being filed with the Circuit Court of Powell County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

9.      Along with this Notice of Removal, Defendant will tender to the Clerk of this Court the funds necessary to secure removal.

10.      This Notice of Removal is filed within thirty (30) days after receipt by Defendants of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

11.      The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12.      The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

13.      If any question arises as to the propriety of this removal, Defendant respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Metropolitan Life Insurance Company and Southern States Cooperative, Inc., by and through their undersigned counsel, pray that the above action currently pending against it in the Circuit Court of Powell County, Kentucky, be removed to this Court.

Respectfully submitted this 23rd day of April 2020.

*/s/ William B. Wahlheim, Jr.*
William B. Wahlheim, Jr.
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000
wwahlheim@maynardcooper.com
*Attorney for Defendants*
[application for admission *pro hac vice* to be filed]

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 23rd day of April 2020:

> L. Dustin Riddle
> Flynt Law Offices
> P.O. Box 760
> Salyersville, KY 41465
> (606) 349-6210
> lydia_themotivator@hotmail.com
> ldridd3@yahoo.com
> *Attorney for Plaintiff*

> */s/ William B. Wahlheim, Jr.*
> OF COUNSEL