# Exhibit B

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **20-CI-00056**<br>Court:   **CIRCUIT**<br>County: **POWELL** |

Plantiff, SPENCER, JOHN VS. METROPOLITAN LIFE INSURANCE, ET AL, Defendant

TO:  **CORPORATION SERVICE COMPANY**
       **421 WEST MAIN STREET**
       **FRANKFORT, KY 40601**

Telephone # : 6063496211          Email: LYDIA_THEMOTIVATOR@HOTMAIL.COM
Memo: Related party is SOUTHERN STATES

The Commonwealth of Kentucky to Defendant:
**SOUTHERN STATES**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Brian King, Powell Circuit Clerk
Date: **3/26/2020**

Presiding Judge: HON. KENNETH PROFITT (300045)

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)
   To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: 234326916563501@00000039633
CIRCUIT: 20-CI-00056 Certified Mail
SPENCER, JOHN VS. METROPOLITAN LIFE INSURANCE, ET AL



Page 1 of 1

**eFiled**

COMMONWEALTH OF KENTUCKY
POWELL CIRCUIT COURT
CIVIL ACTION NO. 19-CI-_____

*Electronically filed*

**JOHN SPENCER**                                                                 **PLAINTIFF**

v.

**METROPOLITAN LIFE INSURANCE
COMPANY d/b/a METLIFE**
Serve Registered
Agent at:        CT Corporation System
                 306 W. Main St.
                 Suite 512
                 Frankfort, KY 40601

and

**SOUTHERN STATES
COOPERATIVE, INCORPORATED**                                                     **DEFENDANTS**
Serve Registered
Agent at:        Corporation Service Company
                 421 West Main Street
                 Frankfort, KY 40601

Serve also:      Southern States Cooperative, Inc.
                 6606 West Broad Street
                 Richmond, VA 23230

## COMPLAINT

Comes the Plaintiff, John Spencer, by and through counsel, and for his cause of action herein states as follows:

### PARTIES AND JURISDICTION

1. Defendant, Metropolitan Life Insurance Company d/b/a Metlife, is a Foreign Corporation incorporated in the State of New York, who transacts business in the

Commonwealth of Kentucky and is authorized to transact insurance business in Kentucky with the Kentucky Department of Insurance, with a process agent listed as CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

2. Defendant, Southern States Cooperative, Incorporated, is a Foreign Corporation, with a principal office located at Tax Department, P.O. Box 26234, Richmond, VA 23260, who transacts business in the Commonwealth of Kentucky and is authorized to transact business in the Commonwealth of Kentucky and registered with the Kentucky Secretary of State, with a registered agent for service of process in Kentucky listed as Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

3. Metropolitan Life Insurance Company provided disability benefits under an Employee Retirement Income Security Act of 1974 ("ERISA") plan issued to Southern States Cooperative, Inc. underwritten and insured by Metropolitan Life Insurance Company, known as Policy No.: 137363-1-G, that was a Group Insurance Plan that included disability insurance benefits for Long Term Disability Benefits, that was issued for the benefit of the employees of Southern States Cooperative, Inc. who were beneficiaries of this Policy.

4. Policy No.: 137363-1-G was in full effect at all relevant times set forth herein.

5. To the best of Plaintiff's knowledge and belief, Southern State Cooperative, Inc. and/or its subsidiaries and affiliates, at all relevant times was the policyholder and plan administrator for disability claims made under Policy No.: 137363-1-G.

6. At all relevant times, Plaintiff, John Spencer, was a resident of Powell County, Kentucky, was an employee of Southern States Cooperative, Inc. and was a beneficiary

under Policy No. 137363-1-G, which was issued by Metropolitan Life Insurance Company and administered by Metropolitan Life Insurance Company and/or Southern States Cooperative, Inc. and/or both companies subsidiaries and affiliates.

7. Under 29 CFR §1132(a)(1)(B), Plaintiff, as a participant or beneficiary to the ERISA plan, is empowered to bring this civil action to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

8. Under 29 CFR §1132(e)(1), state courts of competent jurisdiction have concurrent jurisdiction of actions under paragraphs (a)(1)(B) giving the Commonwealth of Kentucky jurisdiction over this action.

9. Under KRS 454.210(2)(a)(1), the Commonwealth of Kentucky has jurisdiction over any nonresident corporation who transacts business in this Commonwealth, giving Kentucky jurisdiction over Defendants in this action.

10. Under KRS 454.210(4), this action may be brought in the county wherein the plaintiff resides or where the cause of action arose, making Powell Circuit Court the proper venue for this action.

## FACTS

11. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Under Policy No. 137363-1-G, disability is defined as: "due to Sickness or as a direct result of accidental injury: You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and You are unable to earn: during

the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and after such period, more than 60% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience."

13. Plaintiff was employed by Southern States Cooperative, Inc. as a laborer, working at the heavy exertional level, up until on or about May 4th, 2018 after he was diagnosed with and suffered from serious and severe medical conditions that required extensive and prolonged medical treatment, which prevented him from performing the material duties of his occupation or any other occupation, which entitled him to long term disability benefits under the terms of Policy No. 137363-1-G.

14. At all times after May 4th, 2018, Plaintiff received appropriate medical care and treatment for medical conditions that prevented him from performing the material duties of his occupation or any other occupation, continue to prevent him from performing the material duties of his occupation or any other occupation to the present day, and will continue to do so permanently into the future, which entitled him to long term disability benefits under the terms of Policy No. 137363-1-G.

15. Plaintiff applied for disability benefits under Policy No. 137363-1-G, due to these serious and severe medical conditions and limitations resulting therefrom that prevented him from performing the material duties of his job or any other occupation as of May 7th, 2018.

16. Upon his initial application, Plaintiff was denied long term disability benefits on January 28th, 2019 as Defendants alleged that the medical evidence only supported disability through July 3rd, 2018, which was prior to the expiration of the 90 day elimination period.

17. Based upon these same medical conditions and limitations, the Plaintiff was also approved for Social Security Disability benefits on September 29th, 2018, in which the Social Security Administration determined he became disabled on May 4th, 2018.

18. Plaintiff continues to receive Social Security Disability benefits to this day for these same medical conditions and limitations caused thereby.

19. Plaintiff filed a timely administrative appeal of the initial denial of his long term disability application and provided additional medical evidence that indicated that the Plaintiff continued to suffer from medical conditions and limitations that prevented him from performing the material duties of his occupation or any other occupation entitling him to long term disability benefits under Policy No. 137363-1-G; however, Defendants upheld the denial on November 15th, 2019.

20. After the appeal was denied, Plaintiff filed supplemental medical evidence supporting his claim for long term disability benefits that indicated that the Plaintiff continued to suffer from medical conditions and limitations that prevented him from performing the material duties of his occupation or any other occupation entitling him to long term disability benefits under Policy No. 137363-1-G; however, despite the supplemental evidence Defendants upheld the denial of his claim on December 6th, 2019.

21. In the December 6th, 2019 denial, Defendants indicated that Plaintiff's administrative appeals had been exhausted.

## CLAIMS FOR RELIEF

22. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Plaintiff was entitled to benefits under the ERISA plan Policy No. 137363-1-G from on or about November 3rd, 2018, the first date after the elimination period, through the present day.

24. Defendants wrongfully denied Plaintiff's claim for long term disability benefits and breached its contract with Plaintiff as the beneficiary to provide him with the disability benefits he was entitled to under the terms of the Policy.

25. The decision to deny Plaintiff benefits under the Policy was incorrect, arbitrary and capricious, contrary to the medical evidence and treating physician opinions, not supported by substantial evidence and the denial should be reversed under either the de novo or arbitrary and capricious standard of review.

26. Plaintiff prays for a judicial determination to recover benefits under the Metropolitan Life Insurance Company's ERISA Policy No. 137363-1-G, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the plan.

27. Plaintiff seeks attorney fees, costs of litigation, and pre-judgment and post-judgment interest as permitted by 29 C.F.R. §1132(g).

28. Pursuant to 29 C.F.R. 2560.503-1(h), Plaintiff was entitled to a full and fair review of Defendants denial of his claim for disability benefits; however, he was not given a full and fair review.

29. Pursuant to 29 C.F.R. 2560.503-1(l), Plaintiff is entitled to civil relief based upon the ERISA plan's failure to follow claims procedures consistent with the Act.

**WHEREFORE**, Plaintiff demands as follows:

1. Judgment against Defendants in an amount in excess of the minimum jurisdictional requirements of this Court for benefits under the plan;

2. Trial by jury;

3. Attorney fees, costs, pre-judgment and post-judgment interests, civil penalties; and

4. Any and all relief which this Court may deem proper.

THIS 26th DAY OF MARCH, 2020.

Respectfully submitted,

/s/ L. Dustin Riddle
L. DUSTIN RIDDLE
FLYNT LAW OFFICES
P.O. Box 760
Salyersville, KY 41465
(606) 349-6210
Fax: (606) 349-6214
Email: lydia_themotivator@hotmail.com
Email: ldridd3@yahoo.com